CASE 18—PETITION EQUITY—MARCH 18, 1874.

# Gray v. Reamer, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

A CO-TRUSTEE ACTING FOR CONFORMITY, merely to enable another who takes upon himself the more responsible duties of an active trustee, to transmit or acquire title or make collections, is not in general responsible for the estate thus coming to the hands of the active trustee.

But a co-trustee seeking to escape liability on the ground that he had acted merely for conformity should raise that issue in his pleadings, and the burden would be on him of showing that the active trustee alone collected and controlled the fund.

R. W. WOOLLEY,  }
G. M. DAVIE, . . }  . . . . . . . .  For Appellant,

CITED

Perry on Trusts, sections 420, 416.
Williams on Executors, 1549.

VOL. XI.—9

Bacon's Abridgment, "Executors," D, sec. 2.
Story's Equity Pl. secs. 889, 890, 332, 885.
Tidd's Practice, 712.
Littell's S. C. 123, 235.
Newman's Pl. & Pr. p. 717.
2 Leading Cases in Equity, p. 468.
1 Harris & Gill, 11, Ringgold v. Ringgold.
8 Watts & Serg. 143.
5 Howard, 275, Taylor v. Benham.
3 Sandford's Ch'y, 22, 103.
3 Bibb, 97, Moore v. Tandy.
3 Mon. 95, South's heirs v. Hoy.
7 B. Mon. 15, Collins v. Carlisle's heirs.
7 Dana, 450, Young v. Wickliffe.
8 Smede & Marshall, 682, Smith v. Hurd.
3 Ala. 83.                   99 Mass. 196.
7 Grattan, 114.             2 Penn. 419.
5 Johnson's Ch. 283.        2 Brock, 434.
4 Watts & Serg. 147.        Hardin, 258.
7 Bush, 604, Robinson v. Williamson.
2 Dickens, 441.
3 Dana, 498, Greenwade v. Greenwade.
1 Dana, 144, Bates v. Courtney.
4 Mon, 365, Taylor v. Whiting.
4 How. Pr. Rep. 175, Speer v. Cutler.
1 Paige, 124, Hurd v. Everitt.
1 Daniell's Ch. Pl. & Pr. 402.
3 Bland, 9, Walsh v. Smyth.
1 Irish Eq. 56, O'Grady v. Barry.
5 Howard, U. S. 275, Taylor v. Benham.
7 Johnson's Ch. 22.
1 Bush, 443, Wickliffe v. Breckinridge.
2 Bush, 62, Petree v. Bell.
2 Bush, 236, Deposit Bank of Cynthiana v. Berry.
2 Cowen, 781.
11 Paige, 299, Spencer v. Spencer.
10 Yerger, 264, Deaderick v. Cantrell.
10 Yerger, 400, Thomas v. Scruggs.
10 Peters, 562, Peter v. Beverly.
14 Johnson, 446.
21 Howard, Pr. Rep. 285. Ward v. Kalbfleisch.
28 Conn. 466, Hoyt v. Smith.
11 Ga. 539, Carey v. Smith.
10 Peters, 562, Peter v. Beverly.

J. A. BEATTIE, . . . . . . . . . . For Appellees,

### CITED

Civil Code, section 49.        17 Penn. St. 270.
Hill on Trustees, s. p. 313.
3 Bush, 79, Storms v. Storms.
5 Johns. Ch. 283, Morrell v. Morrell.
2 Story's Equity Ju. secs. 1275, 1280.
2 White & Tudor's Leading Cases, s. pp. 654, 655.
2 Iredell's Eq. 594, Hauser, &c. v. Lehman.
7 Gill & J. 157, Macubbin v. Cromwell.
1 Harr. & Gill, 11, Ringgold v. Ringgold.
2 Brock. 434, Wallis v. Thornton.
7 Dana, 450, Young v. Wickliffe.
11 Paige's Ch. R. 299, Spencer v. Spencer.
10 Yerger, 264, Deaderick v. Cantrell.

CHIEF JUSTICE HARDIN DELIVERED THE OPINION OF THE COURT.

The essential question to be decided in this case, and the only one we regard of importance, is as to the correctness of the decision of the chancellor in holding the appellant equally liable with Henry W. Gray for the trust funds, which, according to the appellant's own pleading, were solely derived from the sale to Robinson of the house.and lot on Fourth Street, in the city of Louisville.

The principle stated by the counsel for the appellant to the effect that a co-trustee acting under a power for conformity merely to enable another, who takes on himself the more responsible duties of an active trustee, to transmit or acquire titles or make collections is not in general responsible for the estate thus coming to the hands of the acting trustee, is fully admitted, as we think it is well maintained by the arguments and citations of authorities presented by the counsel. But if the appellant does not sufficiently admit by his answer in this case that he actively co-associated with Henry W. Gray in the collection of the funds in controversy, as is contended for the appellees, we are of the opinion, from the pleadings and exhibits copied in the record, that the burden was on the appel-

lant of proving that although he joined in the sale to Robinson and acted as trustee in making re-investments, Henry W. Gray alone collected and controlled the money in controversy. This he wholly failed to do, and we are therefore constrained to sustain the conclusions of the chancellor upon the state of case presented by the record.

Wherefore the judgment is affirmed.

To ·THE PETITION OF COUNSEL FOR APPELLANT FOR A · REHEARING JUDGE LINDSAY DELIVERED THE FOLLOWING RESPONSE AND SUPPLEMENTAL OPINION OF THE COURT, JULY 1, 1874:

The record upon which this appeal was heard and the supplemental record filed since the opinion complained of was delivered have both been carefully scrutinized, and we find said opinion in exact accordance with the facts appearing from the pleadings of appellant.

. Henry W. Gray, John T. Gray, and the appellant, P. D. B. O. Gray, held, as trustees for the children of Selina Lawrence, now deceased, the title to certain real estate in the city of Louisville. On the 1st day of July, 1858, Henry W. Gray and P. D. B. O. Gray, two of the trustees, sold and conveyed a portion of the trust property, a house and lot on Fourth Street, to W. M. Robinson. Part of the purchase-price was paid in money, and for the balance notes were executed payable to said two trustees.

The notes representing the second and third payments were indorsed by appellant, P. D. B. O. Gray, and surrendered to H. W. Gray, who seems to have collected them. He failed to account for a considerable portion of the trust funds coming to his hands, and in this action appellant was adjudged to make good the loss resulting from the manner in which the trust had been executed.

He insists the judgment should be reversed, on the ground that H. W. Gray was, as matter of fact, the active trustee, and

that he (appellant) took no part in the management of the trust property, and that "his name never appeared in any transaction except when it was necessary to transfer the title from himself, and it was never signed except for conformity."

In the petition it is averred that the Fourth-street property was sold to Robinson by H. W. Gray and appellant, that the notes for the deferred payments were made payable to their order, and that they collected the second and third notes.

Appellant, in his original answer, "admits the sale on the 1st day of July, 1858, by himself and H. W. Gray, as trustees, of the house and lot on Fourth Street, in Louisville, to William M. Robinson." He claims that the two notes were collected by H. W. Gray; but he no where in his answer pretends that he had not actively participated in the execution of the trust.

He certainly was not passive when he sold the property to Robinson, and if he signed the conveyance merely "for conformity" and only because it "was necessary to transfer the title from himself," some explanation should have been made as to the manner in which the notes were drawn, of the fact that he indorsed two of them to his co-trustee, and of the further fact that when said co-trustee went South in 1862 he (appellant) was left in possession of the five uncollected notes, and also of all the accounts of H. W. Gray relating to the trust estate.

It is manifest, from the original answer and from the response to the rule of March, 1863, that appellant "undertook and accepted the trust," that he sold trust property, that he retained possession of some of the notes taken therefor, and that while he was willing to be relieved from the trust, if he could be fully discharged "and the interests of the infant children of his deceased sister fully protected," and "to surrender the notes in his possession to any one legally authorized by the judgment of the court to receive the same," *and that he*

had no "*objections when legally required to surrender the trust,*" it is evident that it did not occur to him until this appeal was prosecuted that he had all the while been acting merely for conformity.

In his response to the rule he says that "he again denies that he has received any thing or any amount *for which he is justly chargeable, and has no other or further account as trustee to render.*"

According to the rules of construction governing pleadings this is an admission that he had received property and money in the capacity of trustee, coupled with the averment that, as matter of law, for some undisclosed reason, he can not be charged therefor.

In order to determine that appellant remained all the while a mere nominal trustee, and that he in no instance participated in the execution of the trust further than to sign and acknowledge conveyances, when it was necessary so to do, in order to pass title to the estate sold by Henry W. Gray, we must disregard this admission, as well as the further admissions that "he undertook and accepted the trust," that he sold portions of the trust estate, and that up to and in November, 1862, he continued to hold and control trust property, personal as well as real, and that he was willing to surrender the trust and the notes in his hands only when legally required to do so, and when he could see that the interests of the infant children of his deceased sister were fully protected.

Further than this we will be compelled to interpose in his behalf in this court a defense upon which he did not rely in the court below, and which is not only not sustained by any thing appearing in the record, but is utterly inconsistent with the statements and admissions contained in his answer and response.

It is immaterial, so far as the questions raised on this appeal are concerned, how the vouchers were taken and the trust ac-

counts kept.   If appellant intended to rely upon the fact that most of the disbursements were made by H. W. Gray and the receipts therefor were executed to him, either as trustee or guardian, as evidence that H. W. Gray *was* sole trustee and that he (appellant) acted only for conformity, he should have raised the issue by his pleadings and thereby notified the beneficiaries of the trust of the ground upon which he expected to escape liability.   Had he done so, any thing in the record that may appear inconsistent with the theory that the two trustees who commenced the execution of the trust (by selling trust property in July, 1858) had continued to control and manage the trust funds might have been satisfactorily explained.

The fact that appellant claimed to have acted as agent for H. W. Gray did not amount to notice to appellees that he intended to deny that he had, as matter of fact, participated in the execution of the trust.   Neither his answer nor response discloses the extent of his alleged agency, and it is certain from his own statements that in November, 1862, he was trustee for appellees, holding as such their property, and willing to surrender it only upon the terms and conditions indicated by his answer.

With these facts before us this court properly said "that the burden was upon appellant of proving that although he joined in the sale to Robinson, and acted as trustee in making re-investments, Henry W. Gray alone collected and controlled the money in controversy," and that "this he wholly failed to do."

It might well have said further that such proof, if made, would not have availed him, as no such issue was raised by his pleadings, and as it would have been inconsistent with the admissions made by him when called on by the children of Mrs. Lawrence to account for the proceeds of the trust property he and his co-trustee had sold.

Satisfied with the accuracy of the opinion heretofore delivered, and that the record shows no error upon the part of the chancellor that will authorize this court to reverse his judgment, the motion for a rehearing is overruled.